RECEIVED
IN ALEXANDRIA, LA
JUN 29 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CURT MATTHEWS<br>FED. REG.#55548-019<br>VS.<br><br>JOE KEFFER, WARDEN | CIVIL ACTION NO. 1:10-cv-0389<br>SECTION P<br>JUDGE TRIMBLE<br>MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

*Pro se* petitioner Curt Matthews, a prisoner in the custody of the Federal Bureau of Prisons (BOP), is incarcerated at the United States Penitentiary, Pollock, Louisiana [USP-Pol]. In February 2010 he wrote a letter to Judge Edward R. Korman of the United States District Court for the Eastern District of New York complaining that unnamed corrections officials at USP-Pol were interfering with his out-going and in-coming legal mail. He also complained that when he submitted a grievance about the matter, it was construed as a threat and he was confined to the Special Housing Unit (SHU). Petitioner's letter was construed to be a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 and transferred to this Court on March 10, 2010. Petitioner ultimately filed a formal petition for *habeas corpus* in this court on May 20, 2010. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28

U.S.C. §2241 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

### *Background*

Petitioner was charged with various felony offenses in the United States District Court for the Eastern District of New York. On May 30, 2006 he pled guilty to racketeering (18 U.S.C. §1962(c)), participating in a continuing criminal enterprise (21 U.S.C. §848(e)(1)(A)), and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. §924(c)). On July 26, 2007, Judge Korman sentenced him to serve concurrent and consecutive sentences totaling 50 years. See <u>United States v. Curt Matthews</u>, No. 1:03-cr-01214 at Doc. #245. He did not appeal. On June 26, 2008 petitioner filed a Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 in that Court. On November 13, 2008 Judge Korman denied relief, and, on March 18, 2009, Judge Korman denied petitioner's request for a Certificate of Appealability (COA). See <u>Matthews v. United States</u>, No. 1:08-cv-02649.

As noted above, following transfer of his pleading to this court, petitioner filed a formal petition for writ of *habeas corpus* on May 20, 2010.

He complained that "fraudulent incident reports [are] being

filed on prisoners." In support of this claim he alleged that USP-Pol staff construed his complaint of mail tampering as a threat and attempted extortion.

He also complained that he was "... deprived of due process rights when he was not informed of the cause and nature of the report in incident #1978409 and was not read his rights, nor did petitioner consent to the proceedings." In support of this claim he alleged that he was placed in SHU on February 12, 2010 and was not issued a lock-up order or incident report. He also complained that he was not advised of his rights.

He also complained that he was not afforded a hearing as claimed by the Disciplinary Hearing Officer on February 26, 2010; and finally, he complained that he is being punished for complaining about the prison staff tampering with his legal mail.

### Law and Analysis

Petitioner contends that his placement and continued detention in the SHU, under the circumstances described in his petition, violates his due process rights as guaranteed by the Fifth Amendment. He seeks *habeas corpus* relief pursuant to the provisions of 28 U.S.C. §2241. However, petitioner can utilize *habeas corpus* proceedings only if he is challenging the <u>fact or duration of his confinement</u>. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484, 93 S.Ct.

3

1827, 1833, 36 L.Ed.,2d 439 (1973); see also Spina v. Aaron, 821 F.2d 1126, 1128 (5th Cir.1987). If "a favorable determination would not automatically entitle [the prisoner] to accelerated release" from custody he may not utilize *habeas corpus* procedures and must instead vindicate his rights through a properly filed civil rights proceeding. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997), quoting Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996). Here, petitioner does not seek the restoration of erroneously forfeited good time credits[1] and therefore, a favorable determination on his claims would not result in an accelerated release from custody. Instead petitioner maintains that he is wrongfully confined in SHU. As such, his petition attacks the conditions of confinement and not the fact or duration of confinement.

Attacks on conditions of confinement are not cognizable in a *habeas* petition. See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir.1994) ("The core issue in determining whether a prisoner must pursue *habeas*

---

[1] Of course, if petitioner's good time credits were wrongly forfeited in a prison disciplinary proceeding, *habeas corpus* would be the appropriate method of attacking the proceedings and obtaining the restoration of good time credits and thus a speedier release from custody. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir.2000) However, petitioner is advised, exhaustion of administrative remedies must be accomplished before petitioner files such a petition in the District Court. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.1994). Based upon the facts alleged thus far, it does not appear that petitioner lost any good time credits as a result of the disciplinary proceeding. Further, it does not appear that petitioner completed the three-step administrative remedies process utilized by the BOP.

*corpus* relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement.")

Since success in this proceeding would not entitle petitioner to accelerated release, he is not entitled to relief pursuant to 28 U.S.C. §2241. In other words, since petitioner's placement in administrative segregation, in itself, has had no effect on the duration of his confinement he is not entitled to *habeas* relief. Compare <u>Dixon v. Hastings</u>, 202 Fed. Appx. 750 (5th Cir. 2006)(unpublished).

Instead, a civil rights action[2] provides the appropriate vehicle to attack these allegedly unconstitutional conditions of confinement. <u>Johnson v. Pfeiffer</u>, 821 F.2d 1120, 1123 (5th Cir.1987); <u>Preiser</u>, 411 U.S. at 498, 93 S.Ct. at 1840-41. The undersigned is reluctant to construe the petition as asserting civil rights claims pursuant to <u>Bivens</u>. Allowing petitioner to prosecute this action based on the payment of the $5.00 *habeas corpus* filing fee instead of the $350.00 filing fee applicable to civil rights actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act.

---

[2] Since petitioner complains about the deprivation of rights at the hands of federal and not state actors, his cause of action would be authorized by <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Accordingly, petitioner's claims regarding the conditions of his confinement should be dismissed without prejudice to his ability to pursue such claims by filing the appropriate action.[3]

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14)days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may

---

[3] It is not entirely clear that petitioner could succeed on his due process claim even if he filed the appropriate cause of action. This is so because, "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). A prisoner's due process rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Thus, relying on Sandin, the Fifth Circuit has found that "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest.'" Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir.1996) (quoting Luken v. Scott, 71 F.3d 192, 193 (5th Cir.1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights). The Fifth Circuit has also rejected a prisoner's claim that the additional restrictions imposed on those in administrative segregation violate due process. See Martin v. Scott, 156 F.3d 578, 580 (5th Cir.1998) (per curiam)(Absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.). In other words, when a prisoner is lawfully incarcerated, he loses, by virtue of his confinement, many of the rights and privileges that most citizens enjoy. Madison v. Parker, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere changes in the conditions of confinement ... do not implicate due process concerns." See Madison, 104 F.3d at 768).

Furthermore, petitioner is cautioned that before he may proceed with such a civil rights complaint alleging Fifth or Eighth Amendment violations, he would be required, pursuant to the provisions of 42 U.S.C. §1997e to exhaust the administrative remedies provided by the BOP. It appears that petitioner has begun the process, but he has not completed it.

respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed, in chambers, Alexandria, Louisiana June 29, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE